IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-1504

DALE MURPHY,
ANNA MURPHY, and
ESTATE OF DONNA MURPHY,

    Plaintiffs,

v.

JACOB MARLOW,
KIOWA COUNTY, and
KIOWA COUNTY SHERIFF'S OFFICE,

    Defendants.

## ORDER

Plaintiffs filed suit against Defendants following an automobile accident that occurred on May 29, 2022. Plaintiffs Dale and Anna Murphy sustained serious injuries, while Donna Murphy died on-scene. Plaintiffs bring three claims against Defendant Jacob Marlow: (1) negligence, (2) negligence *per se*, and (3) wrongful death. Plaintiffs also bring two claims against Defendants Kiowa County and Kiowa County Sheriff's Office: (1) *respondeat superior* and (2) negligent hiring and supervision. Defendants Jacob Marlow and Kiowa County Sheriff's Office now move to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1), asserting immunity under the Colorado Governmental Immunity Act (CGIA). ECF No. 20. Defendant Kiowa County moves to dismiss Plaintiffs' claims for Plaintiffs' failure to properly name the correct defendant. *Id.* For the reasons

1

explained below, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss.

## I. BACKGROUND

On May 29, 2022, around 9 p.m., Deputy Marlow of the Kiowa County Sheriff's Office responded to a call concerning a single car accident with potential injuries. ECF No. 1, ¶ 19. Deputy Marlow was driving a full-size Dodge Ram truck owned by the Kiowa County Sheriff's Office. *Id.*, ¶ 18. It is undisputed that Deputy Marlow set the truck's emergency lights to Stage 2, but the parties dispute whether he engaged the truck's sirens. *See* ECF No. 20 at 2; ECF No. 23 at 2. Deputy Marlow drove approximately 90 miles per hour down Highway 50 on his way to the accident. ECF No. 20-1, ¶ 11. One or more motorists (Defendants do not say how many) saw Deputy Marlow with his emergency lights engaged and pulled over on Highway 50 to let him pass. ECF No. 20-1, ¶ 13. The road was dry, and the weather was clear. ECF No.20-1 at 3. The traffic was minimal to moderate. ECF No. 23 at 7.

As Deputy Marlow drove to the scene, Plaintiffs, driving a 2013 Dodge Challenger, approached a stop sign at the intersection of Prowers County Road and Highway 50. ECF No. 23 at 2; ECF No. 1, ¶ 21. Dale Murphy drove the Dodge Challenger, Anna Murphy was in the passenger seat, and Donna Murphy was in the back seat. ECF No. 23 at 2. Mr. Murphy attempted to make a left hand turn onto Highway 50 when he saw Deputy Marlow's emergency lights. ECF No. 23 at 2–3. He apparently misjudged Deputy Marlow's speed, thereby causing Deputy Marlow to collide with Plaintiffs' rear driver side. *Id.*; ECF No. 20-1, ¶ 3(a). Deputy Marlow was driving over 90 miles an hour seconds before the collision, and the impact velocity of Deputy Marlow's truck was 75.89 miles per

2

hour. ECF No 23-1 at 21–22. Dale and Anna Murphy were transported to the hospital for their injuries, but Donna Murphy died on scene due to her injuries. ECF No. 23-1 at 9. Deputy Marlow sustained moderate injuries. ECF No. 23-1 at 9.

On May 28, 2024, Plaintiffs filed suit in this Court. ECF No. 1. On October 15, 2024, Defendants moved to dismiss Plaintiffs' claims, arguing that this Court lacks subject matter jurisdiction pursuant to the CGIA. ECF No. 20.

## II.  LEGAL STANDARD

Governmental immunity is a question of subject matter jurisdiction properly raised under Federal Rule of Civil Procedure 12(b)(1). *See Glasser v. King*, 721 F. App'x 766, 770 (10th Cir. 2018); *Neiberger v. Hawkins*, 70 F. Supp. 2d 1177, 1181 (D. Colo. 1999), *aff'd*, 6 F. App'x 683 (10th Cir. 2001). A Rule 12(b)(1) motion only determines the court's ability to hear the case. *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1108 (10th Cir. 2019). "Since federal courts are courts of limited jurisdiction, there is a presumption against their jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Rule 12(b)(1) motions may come in two forms: (1) a facial attack or (2) a factual attack. *Graff v. Aberdeen Enters., II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023). Defendants' motion takes the form of the latter. When considering a Rule 12(b)(1) motion to dismiss based on factual challenges to jurisdiction, "a court may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Fin. SA v. La Plata Cnty., Bd. of Cnty. Comm'rs.*, 126 F.3d 1272, 1275 (10th Cir. 1997). Consideration of such evidence does not automatically convert the motion to dismiss into a motion for summary judgment. *See Sizova v. Nat. Inst. of*

3

*Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002); *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987) ("If the jurisdictional question is intertwined with the merits of the case, the issue should be resolved under 12(b)(6) or Rule 56.").

The CGIA grants immunity for "emergency vehicles operating within the provisions of C.R.S. § 42-4-108(2) and (3)." Colo. Rev. Stat. § 24-10-106(1)(a). Section 42-4-108 provides that an emergency vehicle may exceed the lawful speed limits when responding to an emergency call only if "the driver does not endanger life or property," and the emergency vehicle's lights or sirens are engaged. Colo. Rev. Stat. § 42-4-108(2)(c), (3). An emergency vehicle's lights must include "at least one signal lamp *mounted as high as practicable*, which shall be capable of displaying a flashing, oscillating, or rotating red light to the front and to the rear having sufficient intensity to be visible at five hundred feet in normal sunlight." Colo. Rev. Stat. § 42-4-213(2) (emphasis added). An emergency vehicle's use of proper lights under § 42-4-213(2) imposes "an obligation to yield right-of-way" on other drivers. *Id.* at (5).

### III.  ANALYSIS

Defendants argue that this Court lacks subject matter jurisdiction over all claims asserted against Deputy Marlow and Kiowa County Sheriff's Office because Deputy Marlow has immunity under the CGIA, and thus Plaintiff's *respondeat superior* claim against Kiowa County's Sheriff's Office necessarily fails too. Additionally, Defendant Kiowa County seeks dismissal of all claims as an improperly named defendant. The Court will address the latter argument first before analyzing Defendants' immunity claim.

**A.  Kiowa County as an Improperly Named Defendant**

Colo. Rev. Stat. § 30-11-105 states that, "in all suits or proceedings by or against

4

a county, the name in which the county shall sue or be sued shall be, '[t]he board of county commissioners of the county of [county name].'" "This statutory provision provides the exclusive method by which jurisdiction over a county can be obtained. An action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case." *Gonzales v. Martinez*, 403 F.3d 1179, 1182 n.7 (10th Cir. 2005) (citing *Calahan v. Jefferson Cnty.*, 429 P.2d 301, 302 (Colo. 1967)). Failure to correctly name a county bars a court's jurisdiction over the county. *Id.* Plaintiffs do not address this argument in their reply, thus apparently abandoning their claim against Kiowa County. Therefore, the Court dismisses all claims against Kiowa County pursuant to Colo. Rev. Stat. § 30-11-105.

### B. Waiver of Immunity

As noted, Defendants' attack on subject matter jurisdiction is a factual attack, as Defendants challenge Plaintiffs' evidence through Deputy Marlow's affidavit. ECF No. 20-1. Thus, the Court is not required to presume "the truthfulness of the complaint's factual allegations." *U.S. v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (citing *Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir. 1995)). However, the Court finds that Deputy Marlow waived governmental immunity by failing to comply with Colo. Rev. Stat. § 42-4-213(2), and that Plaintiffs satisfied their burden of establishing subject matter jurisdiction.

The speeding driver of an emergency vehicle is granted immunity when responding to an emergency call, if all three of the following requirements are met: (1) the driver does not endanger life of property, (2) the emergency vehicle's lights or sirens are engaged, and (3) the emergency lights are in compliance with Colo. Rev. Stat. § 42-4-213(2). Colo. Rev. Stat. § 42-4-108(2)(c), (3).

*Hice v. Giron,* 543 P.3d 385 (Colo. 2024) is instructive. There, a law enforcement officer collided and killed two brothers as the officer pursued a suspected speeder. *Id.* at 388. The officer reached speeds of 103 miles per hour and did not engage his lights or sirens until the final seconds before the accident. *Id.* at 389. The Colorado Supreme Court determined that, "under section 24-10-106(1)(a) an emergency driver waives immunity only if the plaintiff's injuries could have resulted from the emergency driver's failure to use alerts." *Id.* at 393. Thus, Plaintiffs are not required to show that their injuries were caused in fact by the officer's failure to use proper alerts but rather a mere possibility. *Id.* at 392 ("So, the question prompted by 'resulting from' is whether the plaintiff has demonstrated a possibility that the officer's failure to use alerts resulted in the plaintiff's injuries—not whether the officer's omission did *in fact cause* the accident."). On remand, the Court of Appeals found that the officer's failure to use lights or sirens until seconds before the accident could have contributed to the accident, which waived immunity. *Giron v. Hice*, 2025 WL 555881, at *4 (Colo. App. 2025).

Here, both parties agree that Deputy Marlow was responding to an emergency call concerning a single-car accident. ECF No. 1, ¶ 19; ECF No. 23-1, ¶¶ 4,5. Although Plaintiffs assert that the single-car accident had been cleared by the time of the collision, the timing of the clearance has little bearing on the Court's decision. ECF No. 1, ¶ 20; *Corsentino v. Cordova*, 4 P.3d 1088, 1089 (Colo. 2000) ("Further, this standard avoids a chilling effect on the public's interest in quick responses to emergency situations. The objective standard from the perspective of a reasonable emergency vehicle operator gives deference to emergency vehicle operators' decisions as courts look only to what the emergency vehicle operator knew or should have known at the time of the response.").

6

The Court finds that Deputy Marlow was objectively responding to a potential emergency with injuries and had no reason to believe otherwise. *Corsentino.* 4 P.3d at 1088.

Turning to whether Deputy Marlow endangered life or property, it is not contested that Deputy Marlow drove over 90 miles per hour on Highway 50, where the posted speed limit is 50 miles per hour. ECF No. 1, ¶ 20; ECF No. 20-1, ¶ 14. While the road conditions were clear, it is undisputed that it was dark outside. ECF No.23-1 at 3. As demonstrated by the photographs below, Deputy Marlow's truck was black with dark gray official markings, which would have made it difficult to see in the dark.



ECF No. 23 at 8. The Court need not decide whether Deputy Marlow's speed endangered life or property because Deputy Marlow's use of emergency lights clearly did not comply with Colo. Rev. Stat. § 42-4-213(2).

As seen in the photograph above, Deputy Marlow's truck did not have any lights on the top of his truck. Nor did it have lights in the mirrors or embedded in the windshield. *See also* ECF No. 23 at 8. Section 42-4-213(2) requires an emergency vehicle to have a signal lamp "mounted as high as practicable." The Court finds that Plaintiffs have sufficiently pled that the truck's emergency lights, installed just above the truck's license plate, were not installed "as high as practicable."

Defendants' only response to Plaintiffs' argument about inadequate lighting is that other drivers yielded to Deputy Marlow. ECF No. 26-1, ¶ 13. However, Defendants failed to explain how many drivers yielded to Deputy Marlow, and they failed to provide any legal authority asserting that violations of § 42-4-213(2) are excused when other drivers yield the right of way to the emergency driver. At speeds exceeding 90 miles per hour, "things happen very fast." *Giron*, 2025 WL 555811, at *4. While Plaintiffs acknowledged seeing Deputy Marlow's lights moments before the collision, the inadequate emergency lighting package on the black truck could have contributed to the accident.[1]

The Court finds that the Plaintiffs sufficiently "demonstrated a possibility" that Deputy Marlow's actions could have caused their injuries. *Corsentino*, 4 P.3d at 1093; *Giron*, 543 P.3d at 392. Accordingly, at this early stage, the Court finds that there is a

---

[1] Out of three possible stages, Deputy Marlow had his emergency lights set to stage two with oscillating red and blue lights mounted above the license plate. ECF No. 23 at 3. The parties do not dispute whether stage two lighting is the appropriate stage for nighttime, ECF No. 20-1, ¶ 10, and the Court need not decide that issue at this stage.

waiver of governmental immunity pursuant to the CGIA.[2] *See* Colo. Rev. Stat. § 24-10-106; *Corsentino,* 4 P.3d at 1093; *Giron,* 2025 WL 555811, at *4.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss. ECF No. 20. Kiowa County is dismissed as a Defendant in this lawsuit.

DATED this 6th day of May 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[2] In the alternative, the parties request a *Trinity* hearing to resolve evidentiary disputes. ECF No. 23 at 9; ECF No. 26 at 6 (citing *Trinity Broad. of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 924-25 (Colo. 1993)). The Court denies that request because the Tenth Circuit has suggested that *Trinity* hearings are procedural law and thus not applicable in federal court under the *Erie* Doctrine. *See Schmitz v. Colorado State Patrol*, 841 F. App'x 45, 50 (10th Cir. 2020) (stating that an "abbreviated review suggest[ed] that Colorado's procedural law" regarding the CGIA and *Trinity* hearings "doesn't apply [in federal court]"). This order, however, does not preclude Defendants from raising its immunity argument again at the summary-judgment stage, should discovery produce evidence establishing that immunity should attach. *Johnson v. Soto*, No. 17-CV-02379-RBJ-NRN, 2019 WL 861380, at *4 (D. Colo. Feb. 22, 2019), *report and recommendation adopted*, No. 17-CV-02379-RBJ-NRN, 2019 WL 5698638 (D. Colo. Mar. 13, 2019) (in the qualified-immunity context, explaining that it "is not uncommon for courts to defer ruling on qualified immunity until the summary judgment stage").